## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| VAXCEL INTERNATIONAL CO., LTD., an Illinois corporation; | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) | Case No.  CIV-19-1154-SLP |
| | ) | |
| JASCO PRODUCTS COMPANY, LLC, an Oklahoma limited liability company; | ) ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT AND
## DEMAND FOR JURY TRIAL

Plaintiff Vaxcel International Co., Ltd., files this Complaint for Patent Infringement against Defendant Jasco Products Company, LLC, and alleges as follows:

### PARTIES

1.     Plaintiff Vaxcel International Co., Ltd. ("Vaxcel") is an Illinois Corporation with its principal place of business located at 121 E. North Avenue, Carol Stream, Illinois 60188.

2.     Upon information and belief, Defendant Jasco Products Company, LLC ("Jasco") is a limited liability company organized and existing under the laws of the State of Oklahoma having a regular and established place of business at 10 E. Memorial Road, Oklahoma City, OK 73114.

3.     Defendant Jasco engages in the design, manufacture, offer to sell, sale, and marketing of motion activated light emitting diode ("LED") security lights and  LED under cabinet bar lights, characterized by a tunable light color temperature in conjunction with a

dimmable light intensity for operating a diffused light color temperature switching scheme, controlled by at least one micro-controller based electronic switch.

## JURISDICTION AND VENUE

4.     This is an action for patent infringement arising under the Patent Laws of the United States as set forth in 35 U.S.C. §§1 et seq.

5.     This Court has federal subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a).

6.     Jasco is organized in Oklahoma and regularly conducts business in this Judicial District. Jasco markets and supplies infringing products to local retailers and consumers in this Judicial District.  Therefore, this Court has general jurisdiction over Defendant Jasco.

7.     Jasco has contributed to and/or committed and continues to contribute to and/or commit acts of patent infringement in this Judicial District.  Jasco has sufficient minimum contacts with this forum by way of Jasco having, at a minimum, directly and/or through intermediaries, including subsidiaries, distributors, sales agents, and others, sold and/or offered for sale and/or imported infringing products in this Judicial District and/or placed their infringing products in the stream of commerce, which are directed at this Judicial District, as alleged in further detail below. Therefore, this Court has specific jurisdiction over Defendant Jasco.

8.     This Court has personal jurisdiction over Jasco based upon Jasco's being incorporated in this Judicial District, and Jasco's offering to sell and/or selling of goods and the transaction of business in the state of Oklahoma.

9.     Venue is proper in this Court pursuant to 28 U.S.C. §1400(b).

## BACKGROUND

10.     For more than 25 years, Vaxcel has been and continues to be engaged in the business of designing and developing, manufacturing and selling lighting products, among other products, throughout the United States.

11.     Vaxcel has invested, and continues to invest, in the research and development of lighting products, has marketed and sold and continues to market and sell lighting products and has filed many design and utility patent applications for Vaxcel's innovative designs and inventions.

12.     United States Letters Patent Number 10,136,503 ("the '503 Patent"), entitled "Microcontroller-Based Multifunctional Electronic Switch and Lighting Apparatus Having the Same," was duly and legally issued on November 20, 2018 based upon an application filed by inventor Chia-Teh Chen.  A copy of the '503 Patent is attached as EXHIBIT 1.

13.     United States Letters Patent Number 10,321,543 ("the '543 Patent"), entitled "Security Light with Lifestyle Solutions," was duly and legally issued on June 11, 2019 based upon an application filed by inventor Chia-Teh Chen.  A copy of the '543 Patent is attached as EXHIBIT 2.

14.     United States Letters Patent Number 10,433,401 ("the '401 Patent"), entitled "Security Light with Lifestyle Solutions," was duly and legally issued on October 1, 2019 based upon an application filed by inventor Chia Teh Chen. A copy of the "401 Patent is attached as EXHIBIT 3.

15.     United States Letters Patent Number 10,326,301 ("the '301 Patent"), entitled "Two-Level LED Security Light with Motion Sensor," was duly and legally issued on June 18, 2019 based upon an application filed by inventor Chia-Teh Chen.  A copy of the '301 Patent is attached as EXHIBIT 4.

16.     United States Letters Patent Number 10,334,698 ("the '698 Patent"), entitled "Microcontroller-Based Multifunctional Electronic Switch," was duly and legally issued on June 25, 2019 based upon an application filed by inventor Chia-Teh Chen.  A copy of the '698 Patent is attached as EXHIBIT 5.

17.     United States Letters Patent Number 10,470,276 ("the '276 Patent"), entitled "Method of Tuning Light Color Temperature for LED Lighting Device and Application Thereof" was duly and legally issued on November 5, 2019 based upon an application filed by inventor Chia-Teh Chen. A copy of the '276 Patent is attached as EXHIBIT 6.

18.     The owner of the '503, '543, '401 '301, '698 and '276 Patents (collectively the "Suit Patents"), by assignment, is Vaxcel, who has the right to sue and recover damages for past and present infringement thereof.

19.     Plaintiff Vaxcel has never licensed Defendant Jasco under the Suit Patents and Plaintiff Vaxcel has not otherwise authorized Defendant Jasco to practice any part of the Suit Patents.

## COUNT I

## PATENT INFRINGEMENT OF U.S PATENT NO. 10,136,503

20.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 19 as if fully repeated and restated herein.

4

21.     Defendant Jasco is the manufacturer, distributor and/or marketer of GE/Jasco branded lighting products and affiliate and/or subsidiary branded lighting products, such as but not limited to the Lowe's lighting products corresponding to SKU/Model Nos. 971994/40939-S1, 971995/40940-S1 and 971996/40768-S1 (the "Group 1 Lights").

22.     A true and correct depiction of Jasco's Group 1 Lights as advertised on Lowes.com is attached as EXHIBIT 7.

23.     Defendant Jasco is the manufacturer, distributor and/or marketer of GE/Jasco branded lighting products and affiliate and/or subsidiary branded lighting products, such as but not limited to the Home Depot's lighting products corresponding to SKU/Model Nos. 1002066232/33843, 1002066251/33847 and 1002066250/33845 (the "Group 2 Lights").

24.     A true and correct depiction of Jasco's Group 2 Lights as advertised on HomeDepot.com is attached as EXHIBIT 8.

25.     Defendant Jasco is the manufacturer, distributor and/or marketer of GE/Jasco branded lighting products and affiliate and/or subsidiary branded lighting products, such as but not limited to the Lowe's lighting products corresponding to SKU/Model Nos. 877619/38939 and 877620/38940 and the Home Depot's lighting products corresponding to SKU/Model Nos. 1002157724/34285, 1002157742/34287, 1002165964/34289 and 1002833298/39783 (the "Group 3 Lights").

26.     A true and correct depiction of Jasco's Group 3 Lights as advertised on Lowes.com and HomeDepot.com is attached as EXHIBIT 9.

27.     Jasco has directly infringed and continues to directly infringe, either literally or under the doctrine of equivalents, at least claims 1, 8, 12, 16, 17, 40, 41 and 53 of the '503 Patent by making, using, selling, offering to sell, and/or importing without license or authority, multi-color-temperature, lighting products, including at least the Group 1, Group 2 and Group 3 Lights, which it sells in the United States generally and in the Western District of Oklahoma in violation of 35 U.S.C. §271(a).

28.     Jasco has directly infringed and continues to directly infringe, either literally or under the doctrine of equivalents, at least claims 11. 20 and 56 of the '503 Patent by making, using, selling, offering to sell, and/or importing without license or authority, multi-color-temperature, lighting products, including at least the Group 1 Lights, which it sells in the United States generally and in the Western District of Oklahoma in violation of 35 U.S.C. §271(a).

29.     Jasco has directly infringed and continues to directly infringe, either literally or under the doctrine of equivalents, at least claim 26 of the '503 Patent by making, using, offering to sell and selling and/or importing without license or authority, Group 3 Lights having a free running technology of tunable color temperature, for display samples of the Group 3 Lights, to its retail clients including the Home Depot and Lowe's. These free running display samples, which Jasco provides in the United States generally and in the Western District of Oklahoma in violation of 35 U.S.C. §271(a), display the accused lights offering different selections of light color temperatures.

30.     Jasco's Group 1 Lights are microcontroller based (verified through testing), motion sensing light emitting diode ("LED") security lights, which are hardwired to a

power supply.  They employ a photo sensor which, at dusk, automatically turns the lights

on in a low-level accent light mode, which lasts for a predetermined time period.  While in

the low-level accent light mode the motion sensor is deactivated.  A user may configure

the accent light mode to illuminate with a warm white (2200 K), soft white (3000 K), bright

white (4000K) and day light (5000 K) light color temperature by positioning an external

switch in the desired color temperature position. (As shown on page 15 of the "User

Manual" (the "UM1") provided with Group 1 Lights sold on Lowes.com, attached as

EXHIBIT 10 and reproduced in part below).



**SUMMARY OF OPERATION:**
The Accent Light On Time switch is the primary switch in selecting the functionality of the light fixture.

| Desired Light Operation | Switch Settings |
|---|---|
| Accent light all night long | Set to D2D<br>Choose accent color — WW: Warm white, 2200K CCT / SW: Soft white, 3000K CCT / BW: Bright white, 4000K CCT / DL: Daylight, 5000K CCT<br>Set to 20min<br>Set to 15' |

Upon termination of the accent light mode, the light switches to a motion sensor

security light mode during which the light is turned off and motion sensing is activated.  In

this mode, when motion is detected by the motion sensor, the light temporarily turns on at

a high level of illumination.

31.    The detection device of the Group 1 Lights outputs a message carrying

sensing signal to the microcontroller, which in turn controls the conduction/cut-off states

of a first semiconductor switching device and a second semiconductor switching device to

respectively deliver a first electric power to a first LED lighting load to emit light with a high color temperature and a second electric power to a second LED lighting load to emit light with a low color temperature to create a diffused light with a diffused color temperature performance thru a diffuser.

32.     Defendant Jasco has promoted, advertised, and instructed and continues to promote, advertise, and instruct customers and potential customers about its products and how to use the Group 1 Lights, including infringing uses. Defendant Jasco's promotion, advertising, and instruction efforts include, at a minimum, maintenance of the website https://byjasco.com/, the production and distribution of UM1 and other indicia included on the Jasco website, on the Lowes.com website and within or printed on the packaging of the Group 1 Lights. Defendant engaged in these acts with the actual intent to cause the acts which it knew or should have known would induce actual infringement.

33.     Defendant Jasco has infringed and continues to infringe indirectly at least claims 1, 8, 11, 12, 16, 17, 20, 40, 41, 53 and 56 of the '503 Patent by knowingly and specifically intending to contribute to or induce infringement by others (e.g. including, but not limited to end users and retailers such as Lowe's) by the sale of at least the Group 1 Lights to others.  Acts of inducement include, for example, advertisement and instruction to install and use the Group 1 Lights and to positioning an external switch to achieve a desired color temperature (warm white (2200 K), soft white (3000 K), bright white (4000K) and day light (5000 K)).

34.     Specifically, regarding the Group 1 Lights, Jasco instructs how "The light can operate as a low level, white tunable (WW,SW,BW,DL) accent light…This allows the

light to illuminate and blend with existing accent lighting around your home while you may be relaxing outside", and "The Accent Light On Time switch is the primary switch in selecting the functionality of the light fixture… Choose accent color - WW: Warm white, 2200K CCT, SW: Soft white, 3000K CCT, BW: Bright white, 4000K CCT, DL: Daylight, 5000K CCT", as stated on pages 13 and 14 of the UM1, attached as EXHIBIT 10.

35.     Jasco's Group 2 Lights are under-cabinet LED lights which include a user-controlled light color temperature selection switch, and which are hardwired to a power supply. The light color temperature options include soft warm white (SWW), bright cool white (BCW) and daylight (DL) (As described in the "Full Product Manual" (the "PM2") provided with the Group 2 Lights sold on HomeDepot.com, attached as EXHIBIT 11: "To select your desired CCT, simply use the 3-position switch: SWW (Soft Warm White) BCW (Bright Cool White) and DL (Daylight)").  It has been verified through testing that the Group 2 Lights employ a microcontroller to adjust the light color temperature and the light intensity emitted therefrom.  The microcontroller controls a power allocation of a total electric power between a first LED lighting load emitting light with a high color temperature and a second LED lighting load emitting light with a low color temperature. The light from the first and/or second LED lighting loads are illuminated through a light diffuser.

36.     Defendant Jasco has promoted, advertised, and instructed and continues to promote, advertise, and instruct customers and potential customers about its products and how to use the Group 2 Lights, including infringing uses. Defendant Jasco's promotion, advertising, and instruction efforts include, at a minimum, maintenance of the website

https://byjasco.com/, the production and distribution of PM2 and other indicia included on the Jasco website, on the HomeDepot.com website and within or printed on the packaging of the Group 2 Lights. Defendant engaged in these acts with the actual intent to cause the acts which it knew or should have known would induce actual infringement.

37.     Defendant Jasco has infringed and continues to infringe indirectly at least claims 1, 8, 12, 16, 17, 40, 41, and 53 of the '503 Patent by knowingly and specifically intending to contribute to or induce infringement by others (e.g. including, but not limited to end users and retailers such as Home Depot) by the sale of at least the Group 2 Lights to others.  Acts of inducement include, for example, advertisement and instruction to install and use the Group 2 Lights and to adjust the accent light modes.

38.     Specifically, regarding the Group 2 Lights, Jasco instructs how "Selecting color temperature: This GE LED light fixture allows you to select from a soft warm white light (3000K), a bright cool white Light (4000K) or daylight (5000K). To select your desired CCT, simply use the 3-position switch: SWW (Soft Warm White) BCW (Bright Cool White) and DL (Daylight)" as stated in the one-page PM2, attached as EXHIBIT 11.

39.     Jasco's Group 3 Lights are under-cabinet LED lights which include a user-controlled light color temperature selection switch, and which are hardwired to a power supply. The light color temperature options include warm white (3000k), cool white (4000k) and daylight (5000k) (As described in the "Full Product Manual" (the "PM3") provided with the Group 3 Lights sold on HomeDepot.com, attached as EXHIBIT 12: "To select your desired CCT, simply use the 3-position switch: WW (Warm White) CW (Cool White) and DL (Daylight)."). It has been verified through testing that the Group 3 Lights employ a

microcontroller to adjust the light color temperature emitted therefrom. The microcontroller controls a power allocation of a total electric power between a first LED lighting load emitting light with a high color temperature and a second LED lighting load emitting light with a low color temperature. The light from the first and/or second LED lighting loads are illuminated through a light diffuser.

40. Defendant Jasco has promoted, advertised, and instructed and continues to promote, advertise, and instruct customers and potential customers about its products and how to use the Group 3 Lights, including infringing uses. Defendant Jasco's promotion, advertising, and instruction efforts include, at a minimum, maintenance of the website https://byjasco.com/, the production and distribution of PM3 and other indicia included on the Jasco website, on the HomeDepot.com website, the Lowes.com website, and within or printed on the packaging of the Group 3 Lights. Defendant engaged in these acts with the actual intent to cause the acts which it knew or should have known would induce actual infringement.

41. Defendant Jasco has infringed and continues to infringe indirectly at least claims 1, 8, 12, 16, 17, 26, 40, 41, and 53 of the '503 Patent by knowingly and specifically intending to contribute to or induce infringement by others (e.g. including, but not limited to end users and retailers such as Lowe's and Home Depot) by the sale of at least the Group 3 Lights to others. Acts of inducement include, for example, advertisement and instruction to install and use the Group 3 Lights and to adjust the accent light modes.

42. Specifically, regarding the Group 3 Lights, Jasco instructs how "Selecting Color Temperature: This GE LED light fixture allows you to select from a warm white

11

light (3000K), a cool white light (4000K) or daylight (5000K). To select your desired CCT, simply use the 3-position switch: WW (Warm White) CW (Cool White) and DL (Daylight)" as stated in the one-page PM3, attached as EXHIBIT 12.

43.    Plaintiff Vaxcel marks its products that are covered by the '503 Patent with notice (https://www.vaxcelpatents.com/).   Thus, the Defendant Jasco had constructive knowledge of the existence of the '503 Patent.

44.    Defendant Jasco knew or should have known that at least the Group 1, Group 2 and Group 3 Lights are especially made or especially adapted for use in an infringement of the '503 Patent and that there is no substantially non-infringing use of these lighting fixtures.

45.    Defendant Jasco's Group 1, Group 2 and Group 3 Lights are not staple articles or commodities of commerce suitable for substantial non-infringing use.

46.    Defendant Jasco's actions have and continue to constitute active inducement and contributory infringement of the '503 Patent in violation of 35 U.S.C. §§271(b) and 271(c).

47.    As a result of Defendant Jasco's infringement of the '503 Patent, Plaintiff Vaxcel has suffered monetary damages in an amount not yet determined and will continue to suffer damages in the future unless Defendant Jasco's infringing activities are enjoined by this Court.

48.    Defendant Jasco's wrongful acts have damaged and will continue to damage Plaintiff irreparably, and Plaintiff has no adequate remedy at law for those wrongs and injuries. In addition to its actual damages, Plaintiff Vaxcel is entitled to a permanent

injunction restraining and enjoining Defendant Jasco and its agents, servants and employees, and all persons acting thereunder, in concert with, or on its behalf, from infringing the '503 Patent.

49.     Vaxcel is entitled to injunctive relief and damages in accordance with 35 U.S.C. §§271, 281, 283 and 284.

50.     To the extent that facts learned in discovery show that Jasco's infringement of the '503 Patent was willful, Plaintiff Vaxcel reserves the right to request such finding at the time of trial.

## COUNT II

## PATENT INFRINGEMENT OF U.S PATENT NO. 10,321,543

51.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 50 as if fully repeated and restated herein.

52.     Defendant Jasco is the manufacturer, distributor and/or marketer of the Group 1 Lights.

53.     Jasco has directly infringed and continues to directly infringe, either literally or under the doctrine of equivalents, at least claims 1, 3, 4, 12, 14, 22, 24-26, 34, 36, 38 and 57 of the '543 Patent by making, using, selling, offering to sell, and/or importing without license or authority, multi-brightness, multi-color-temperature, motion sensor lighting products, including at least the Group 1 Lights, which it sells in the United States generally and in the Western District of Oklahoma in violation of 35 U.S.C. §271(a).

54.     Jasco's Group 1 Lights include, groups of LED lights which are hardwired to a power source and which operate as a low level (1000 Lumens), white tunable

(WW,SW,BW,DL) accent light for 3 hours or 6 hours (depending upon the switch/external control device) when night is detected by the photo detector, after which the lights turn off and operate as a high level, maximum lumens (3100 Lumens) at the daylight (DL) color, motion sensor security light until the photo detector determines that it is dawn (as explained in UM1 at pages 4, 13, 17-18).

55.     It has been verified through testing that the Group 1 Lights include a controller and switching circuitry electrically connected between a power supply and two LED lighting loads which are covered by a diffuser. The two LED lighting loads include a first LED lighting load which emits light with a low light color temperature and a second LED lighting load which emits light with a high light color temperature. The switching circuitry is configured with a first semiconductor switching device electrically connected with the first LED lighting load and a second semiconductor switching device electrically connected with the second LED lighting load.  The LED lighting loads are connected in both series and parallel. The controller outputs a first control signal to control the first semiconductor switching device to deliver a first electric power to the first LED lighting load and a second control signal to control the second semiconductor switching device to deliver a second electric power to the second LED lighting load.  The first electric power the and second electric power jointly determine a mingled light color temperature emitted through the light diffuser according to a power distribution scheme.

56.     Defendant Jasco has promoted, advertised, and instructed and continues to promote, advertise, and instruct customers and potential customers about its products and how to use the Group 1 Lights, including infringing uses. Defendant Jasco's promotion,

advertising, and instruction efforts include, at a minimum, maintenance of the website https://byjasco.com/, the production and distribution of UM1 and other indicia included on the Jasco website, on the Lowes.com website and within or printed on the packaging of the Group 1 Lights. Defendant engaged in these acts with the actual intent to cause the acts which it knew or should have known would induce actual infringement.

57.     Defendant Jasco has infringed and continues to infringe indirectly at least claims 1, 3, 4, 12, 14, 22, 24-26, 34, 36, 38 and 57 of the '543 Patent by knowingly and specifically intending to contribute to or induce infringement by others (e.g. including, but not limited to end users and retailers such as Lowe's) by the sale of at least the Group 1 Lights to others.  Acts of inducement include, for example, advertisement and instruction to install and use the Group 1 Lights and to adjust the accent light modes.

58.     Specifically, regarding the Group 1 Lights, Jasco instructs how "The light can operate as a low level, white tunable (WW,SW,BW,DL) accent light…This allows the light to illuminate and blend with existing accent lighting around your home while you may be relaxing outside, then transition to a high level, motion sensor security light in the later hours of the evening", "The Accent Light On Time switch is the primary switch in selecting the functionality of the light fixture… Choose accent color - WW: Warm white, 2200K CCT, SW: Soft white, 3000K CCT, BW: Bright white, 4000K CCT, DL: Daylight, 5000K CCT", and "The 'Security Light On Time' control sets the amount of time the light will stay on at maximum lumens at the daylight (DL) color after all motion has stopped. After setting the motion sensor detection zone, slide the 'Security Light On Time' control

from 'Test' to the desired '1 min,' '5 min' or '20 min' position." as stated on pages 13, 14 and 17 of the UM1, attached as EXHIBIT 10.

59.     Plaintiff Vaxcel marks its products that are covered by the '543 Patent with notice (https://www.vaxcelpatents.com/).   Thus, the Defendant Jasco had constructive knowledge of the existence of the '543 Patent.

60.     Defendant Jasco knew or should have known that at least the Group 1 Lights are especially made or especially adapted for use in an infringement of the '543 Patent and that there is no substantially non-infringing use of these lighting fixtures.

61.     Defendant Jasco's Group 1 Lights are not staple articles or commodities of commerce suitable for substantial non-infringing use.

62.     Defendant Jasco's actions have and continue to constitute active inducement and contributory infringement of the '543 Patent in violation of 35 U.S.C. §§271(b) and 271(c).

63.     As a result of Defendant Jasco's infringement of the '543 Patent, Plaintiff Vaxcel has suffered monetary damages in an amount not yet determined and will continue to suffer damages in the future unless Defendant Jasco's infringing activities are enjoined by this Court.

64.     Defendant Jasco's wrongful acts have damaged and will continue to damage Plaintiff irreparably, and Plaintiff has no adequate remedy at law for those wrongs and injuries. In addition to its actual damages, Plaintiff Vaxcel is entitled to a permanent injunction restraining and enjoining Defendant Jasco and its agents, servants and

employees, and all persons acting thereunder, in concert with, or on its behalf, from infringing the '543 Patent.

65.    Vaxcel is entitled to injunctive relief and damages in accordance with 35 U.S.C. §§271, 281, 283 and 284.

66.    To the extent that facts learned in discovery show that Jasco's infringement of the '543 Patent was willful, Plaintiff Vaxcel reserves the right to request such finding at the time of trial.

## COUNT III

## PATENT INFRINGEMENT OF U.S PATENT NO. 10,433,401

67.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 66 as if fully repeated and restated herein.

68.    Defendant Jasco is the manufacturer, distributor and/or marketer of the Group 1 Lights.

69.    Jasco has directly infringed and continues to directly infringe, either literally or under the doctrine of equivalents, at least claims 41, 42, 52 and 60 - 66 of the '401 Patent by making, using, selling, offering to sell, and/or importing without license or authority, multi-brightness, multi-color-temperature, motion sensor lighting products, including at least the Group 1 Lights, which it sells in the United States generally and in the Western District of Oklahoma in violation of 35 U.S.C. §271(a).

70.    Jasco's Group 1 Lights include, groups of LED lights which are hardwired to a power source and which operate as a low level (1000 Lumens), white tunable (WW,SW,BW,DL) accent light for 3 hours or 6 hours (depending upon the switch/external

control device) when night is detected by the photo detector, after which the lights turn off and operate as a high level, maximum lumens (3100 Lumens) at the daylight (DL) color, motion sensor security light until the photo detector determines that it is dawn (as explained in UM1 at pages 4, 13, 17-18).

71.    It has been verified through testing that the Group 1 Lights include a controller and switching circuitry electrically connected between a power supply and two LED lighting loads which are covered by a diffuser. The two LED lighting loads include a first LED lighting load which emits light with a low light color temperature and a second LED lighting load which emits light with a high light color temperature. The switching circuitry is configured with a first semiconductor switching device electrically connected with the first LED lighting load and a second semiconductor switching device electrically connected with the second LED lighting load. The LED lighting loads are connected in both series and parallel. The controller outputs a first control signal to control the first semiconductor switching device to deliver a first electric power to the first LED lighting load and a second control signal to control the second semiconductor switching device to deliver a second electric power to the second LED lighting load.  The first electric power and the second electric power jointly determine a mingled light color temperature emitted through the light diffuser according to a power distribution scheme.

72.    Defendant Jasco has promoted, advertised, and instructed and continues to promote, advertise, and instruct customers and potential customers about its products and how to use the Group 1 Lights, including infringing uses. Defendant Jasco's promotion, advertising, and instruction efforts include, at a minimum, maintenance of the website

https://byjasco.com/, the production and distribution of UM1 and other indicia included on the Jasco website, on the Lowes.com website and within or printed on the packaging of the Group 1 Lights. Defendant engaged in these acts with the actual intent to cause the acts which it knew or should have known would induce actual infringement.

73.     Defendant Jasco has infringed and continues to infringe indirectly at least claims 41, 42, 52 and 60 - 66 of the '401 Patent by knowingly and specifically intending to contribute to or induce infringement by others (e.g. including, but not limited to end users and retailers such as Lowe's) by the sale of at least the Group 1 Lights to others. Acts of inducement include, for example, advertisement and instruction to install and use the Group 1 Lights and to adjust the accent light modes.

74.     Specifically, regarding the Group 1 Lights, Jasco instructs how "The light can operate as a low level, white tunable (WW,SW,BW,DL) accent light…This allows the light to illuminate and blend with existing accent lighting around your home while you may be relaxing outside, then transition to a high level, motion sensor security light in the later hours of the evening", "The Accent Light On Time switch is the primary switch in selecting the functionality of the light fixture… Choose accent color - WW: Warm white, 2200K CCT, SW: Soft white, 3000K CCT, BW: Bright white, 4000K CCT, DL: Daylight, 5000K CCT", and "The 'Security Light On Time' control sets the amount of time the light will stay on at maximum lumens at the daylight (DL) color after all motion has stopped. After setting the motion sensor detection zone, slide the 'Security Light On Time' control from 'Test' to the desired '1 min,' '5 min' or '20 min' position." as stated on pages 13, 14 and 17 of the UM1, attached as EXHIBIT 10.

75.   Plaintiff Vaxcel marks its products that are covered by the '401 Patent with notice (https://www.vaxcelpatents.com/).   Thus, the Defendant Jasco had constructive knowledge of the existence of the '401 Patent.

76.   Defendant Jasco knew or should have known that at least the Group 1 Lights are especially made or especially adapted for use in an infringement of the '401 Patent and that there is no substantially non-infringing use of these lighting fixtures.

77.   Defendant Jasco's Group 1 Lights are not staple articles or commodities of commerce suitable for substantial non-infringing use.

78.   Defendant Jasco's actions have and continue to constitute active inducement and contributory infringement of the '401 Patent in violation of 35 U.S.C. §§271(b) and 271(c).

79.   As a result of Defendant Jasco's infringement of the '401 Patent, Plaintiff Vaxcel has suffered monetary damages in an amount not yet determined and will continue to suffer damages in the future unless Defendant Jasco's infringing activities are enjoined by this Court.

80.   Defendant Jasco's wrongful acts have damaged and will continue to damage Plaintiff irreparably, and Plaintiff has no adequate remedy at law for those wrongs and injuries. In addition to its actual damages, Plaintiff Vaxcel is entitled to a permanent injunction restraining and enjoining Defendant Jasco and its agents, servants and employees, and all persons acting thereunder, in concert with, or on its behalf, from infringing the '401 Patent.

81. Vaxcel is entitled to injunctive relief and damages in accordance with 35 U.S.C. §§271, 281, 283 and 284.

82. To the extent that facts learned in discovery show that Jasco's infringement of the '401 Patent was willful, Plaintiff Vaxcel reserves the right to request such finding at the time of trial.

**COUNT IV**

**PATENT INFRINGEMENT OF U.S PATENT NO. 10,326,301**

83. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 82 as if fully repeated and restated herein.

84. Defendant Jasco is the manufacturer, distributor and/or marketer of the Group 1 Lights.

85. Jasco has directly infringed and continues to directly infringe, either literally or under the doctrine of equivalents, at least claims 57-61 and 64 of the '301 Patent by making, using, selling, offering to sell, and/or importing without license or authority, multi-brightness, multi-color-temperature, motion sensor lighting products, including at least the Group 1 Lights, which it sells in the United States generally and in the Western District of Oklahoma in violation of 35 U.S.C. §271(a).

86. Jasco's Group 1 Lights include, groups of LED lights which are hardwired to a power source and which operate as a low level (1000 Lumens), white tunable (WW,SW,BW,DL) accent light for 3 hours or 6 hours (depending upon the switch/external control device) when night is detected by the photo detector, after which the lights turn off and operate as a high level, maximum lumens (3100 Lumens) at the daylight (DL) color,

motion sensor security light until the photo detector determines that it is dawn (as explained in UM1 at pages 4, 13, 17-18)(attached as EXHIBIT 10).

87.    It has been verified through testing that the Group 1 Lights include a controller and switching circuitry electrically connected between a power supply and two LED lighting loads which are covered by a diffuser. The two LED lighting loads include a first LED lighting load which emits light with a low light color temperature and a second LED lighting load which emits light with a high color temperature.  The switching circuitry is configured with a first semiconductor switching device electrically connected with the first LED lighting load and a second semiconductor switching device electrically connected with the second LED lighting load.  The LED lighting loads are connected in both series and parallel. The controller outputs a first control signal to control the first semiconductor switching device to deliver a first electric power to the first LED lighting load and a second control signal to control the second semiconductor switching device to deliver a second electric power to the second LED lighting load.  The first electric power and the second electric power jointly determine a mingled light color temperature emitted through the light diffuser according to a power distribution scheme.

88.    Defendant Jasco has promoted, advertised, and instructed and continues to promote, advertise, and instruct customers and potential customers about its products and how to use the Group 1 Lights, including infringing uses. Defendant Jasco's promotion, advertising, and instruction efforts include, at a minimum, maintenance of the website https://byjasco.com/, the production and distribution of UM1 and other indicia included on the Jasco website, on the Lowes.com website and within or printed on the packaging of the

Group 1 Lights. Defendant engaged in these acts with the actual intent to cause the acts which it knew or should have known would induce actual infringement.

89.     Defendant Jasco has infringed and continues to infringe indirectly at least claims 57-61 and 64 of the '301 Patent by knowingly and specifically intending to contribute to or induce infringement by others (e.g. including, but not limited to end users and retailers such as Lowe's) by the sale of at least the Group 1 Lights to others.  Acts of inducement include, for example, advertisement and instruction to install and use the Group 1 Lights and to adjust the accent light modes.

90.     Specifically, regarding the Group 1 Lights, Jasco instructs how "The light can operate as a low level, white tunable (WW,SW,BW,DL) accent light…This allows the light to illuminate and blend with existing accent lighting around your home while you may be relaxing outside, then transition to a high level, motion sensor security light in the later hours of the evening", "The Accent Light On Time switch is the primary switch in selecting the functionality of the light fixture… Choose accent color - WW: Warm white, 2200K CCT, SW: Soft white, 3000K CCT, BW: Bright white, 4000K CCT, DL: Daylight, 5000K CCT", and "The 'Security Light On Time' control sets the amount of time the light will stay on at maximum lumens at the daylight (DL) color after all motion has stopped. After setting the motion sensor detection zone, slide the 'Security Light On Time' control from 'Test' to the desired '1 min,' '5 min' or '20 min' position." as stated on pages 13, 14 and 17 of the UM1, attached as EXHIBIT 10.

91.     Plaintiff Vaxcel marks its products that are covered by the '301 Patent with notice (https://www.vaxcelpatents.com/). Thus, the Defendant Jasco had constructive knowledge of the existence of the '301 Patent.

92.     Defendant Jasco knew or should have known that at least the Group 1 Lights are especially made or especially adapted for use in an infringement of the '301 Patent and that there is no substantially non-infringing use of these lighting fixtures.

93.     Defendant Jasco's Group 1 Lights are not staple articles or commodities of commerce suitable for substantial non-infringing use.

94.     Defendant Jasco's actions have constituted and continue to constitute active inducement and contributory infringement of the '301 Patent in violation of 35 U.S.C. §§271(b) and 271(c).

95.     As a result of Defendant Jasco's infringement of the '301 Patent, Plaintiff Vaxcel has suffered monetary damages in an amount not yet determined and will continue to suffer damages in the future unless Defendant Jasco's infringing activities are enjoined by this Court.

96.     Defendant Jasco's wrongful acts have damaged and will continue to damage Plaintiff irreparably, and Plaintiff has no adequate remedy at law for those wrongs and injuries. In addition to its actual damages, Plaintiff Vaxcel is entitled to a permanent injunction restraining and enjoining Defendant Jasco and its agents, servants and employees, and all persons acting thereunder, in concert with, or on its behalf, from infringing the '301 Patent.

97.     Vaxcel is entitled to injunctive relief and damages in accordance with 35 U.S.C. §§271, 281, 283 and 284.

98.     To the extent that facts learned in discovery show that Jasco's infringement of the '301 Patent was willful, Plaintiff Vaxcel reserves the right to request such finding at the time of trial.

## COUNT V

## PATENT INFRINGEMENT OF U.S PATENT NO. 10,334,698

99.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 98 as if fully repeated and restated herein.

100.    Defendant Jasco is the manufacturer, distributor and/or marketer of the Group 2 Lights.

101.    Jasco has directly infringed and continues to directly infringe, either literally or under the doctrine of equivalents, at least claims 1-3, 12, 14, 19-21, 32 and 33 of the '698 Patent by making, using, selling, offering to sell, and/or importing without license or authority, multi-brightness, lighting products, including at least the Group 2 Lights, which it sells in the United States generally and in the Western District of Oklahoma in violation of 35 U.S.C. §271(a).

102.    Jasco's Group 2 Lights are under-cabinet LED lights which include a motion sensor, and which are hardwired to a power supply.  It has been verified through testing that the Group 2 Lights employ a microcontroller to adjust the light intensity emitted therefrom. The microcontroller controls a power allocation of a total electric power between a first LED lighting load and a second LED lighting load for switching between

full brightness, 25% of light output and off by detecting motion within 2-3" of the motion sensor (as stated in the one-page PM2, attached as EXHIBIT 11).

103.   It has been verified through testing that the Group 2 Light motion detector sends a signal to the microcontroller, which in turn controls the conduction/cut-off states/rates of switching elements and electric power supplied to the various LEDs.

104.   Defendant Jasco has promoted, advertised, and instructed and continues to promote, advertise, and instruct customers and potential customers about its products and how to use the Group 2 Lights, including infringing uses. Defendant Jasco's promotion, advertising, and instruction efforts include, at a minimum, maintenance of the website https://byjasco.com/, the production and distribution of PM2 and other indicia included on the Jasco website, on the HomeDepot.com website and within or printed on the packaging of the Group 2 Lights. Defendant engaged in these acts with the actual intent to cause the acts which it knew or should have known would induce actual infringement.

105.   Defendant Jasco has been infringing and continues to infringe indirectly at least claims 1-3, 12, 14, 19-21, 32 and 33 of the '698 Patent by knowingly and specifically intending to contribute to or induce infringement by others (e.g. including, but not limited to end users and retailers such as Home Depot) by the sale of at least the Group 2 Lights to others.  Acts of inducement include, for example, advertisement and instruction to install and use the Group 2 Lights and to adjust the light intensity by providing movement near the lights.

106.   Specifically, regarding the Group 2 Lights, Jasco instructs:

Using the motion-sensing feature
1. To turn on: Move a hand or other object in any direction within 2"–3" past the motion sensor to turn on the fixture See Figure 6.
2. To dim to 25% of light output: Move a hand or other object past the motion sensor in any direction a second time and the light will dim.
3. To turn off: Move a hand or other object in any direction past the motion sensor a third time and the light will turn off. See Figure 6a.



as stated in the one-page PM2, attached as EXHIBIT 11.

107.   Plaintiff Vaxcel marks its products that are covered by the '698 Patent with notice (https://www.vaxcelpatents.com/).   Thus, the Defendant Jasco had constructive knowledge of the existence of the '698 Patent.

108.   Defendant Jasco knew or should have known that at least the Group 2 Lights are especially made or especially adapted for use in an infringement of the '698 Patent and that there is no substantially non-infringing use of these lighting fixtures.

109.    Defendant Jasco's Group 2 Lights are not staple articles or commodities of commerce suitable for substantial non-infringing use.

110.    Defendant Jasco's actions have and continue to constitute active inducement and contributory infringement of the '698 Patent in violation of 35 U.S.C. §§271(b) and 271(c).

111.    As a result of Defendant Jasco's infringement of the '698 Patent, Plaintiff Vaxcel has suffered monetary damages in an amount not yet determined and will continue to suffer damages in the future unless Defendant Jasco's infringing activities are enjoined by this Court.

112.    Defendant Jasco's wrongful acts have damaged and will continue to damage Plaintiff irreparably, and Plaintiff has no adequate remedy at law for those wrongs and injuries. In addition to its actual damages, Plaintiff Vaxcel is entitled to a permanent injunction restraining and enjoining Defendant Jasco and its agents, servants and employees, and all persons acting thereunder, in concert with, or on its behalf, from infringing the '698 Patent.

113.    Vaxcel is entitled to injunctive relief and damages in accordance with 35 U.S.C. §§271, 281, 283 and 284.

114.    To the extent that facts learned in discovery show that Jasco's infringement of the '698 Patent was willful, Plaintiff Vaxcel reserves the right to request such finding at the time of trial.

## COUNT VI

## PATENT INFRINGEMENT OF U.S PATENT NO. 10,470,276

115.   Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 114 as if fully repeated and restated herein.

116.   Defendant Jasco is the manufacturer, distributor and/or marketer of the Group 1 Lights.

117.   Defendant Jasco is the manufacturer, distributor and/or marketer of the Group 2 Lights.

118.   Defendant Jasco is the manufacturer, distributor and/or marketer of the Group 3 Lights.

119.   Jasco has directly infringed and continues to directly infringe, either literally or under the doctrine of equivalents, at least claims 1, 10, 11, 22, and 28 of the '276 Patent by making, using, selling, offering to sell, and/or importing without license or authority, multi-color-temperature, lighting products, including at least the Group 1, Group 2 and Group 3 Lights, which it sells in the United States generally and in the Western District of Oklahoma in violation of 35 U.S.C. §271(a).

120.   Jasco has directly infringed and continues to directly infringe, either literally or under the doctrine of equivalents, at least claims 15 and 16 of the '276 Patent by making, using, selling, offering to sell, and/or importing without license or authority, multi-color-temperature, lighting products, including at least the Group 1 Lights, which it sells in the United States generally and in the Western District of Oklahoma in violation of 35 U.S.C. §271(a).

121.    Jasco has directly infringed and continues to directly infringe, either literally or under the doctrine of equivalents, at least claim 23 and 24 of the '276 Patent by making, using, selling, offering to sell, and/or importing without license or authority, multi-color-temperature, lighting products, including at least the Group 2 and Group 3 Lights, which it sells in the United States generally and in the Western District of Oklahoma in violation of 35 U.S.C. §271(a).

122.    Jasco's Group 1 Lights are microcontroller based (verified through testing), motion sensing light emitting diode ("LED") security lights, which are hardwired to a power supply.  They employ a photo sensor which, at dusk, automatically turns the lights on in a low-level accent light mode, which lasts for a predetermined time period.   While in the low-level accent light mode the motion sensor is deactivated.  A user may configure the accent light mode to illuminate with a warm white (2200 K), soft white (3000 K), bright white (4000 K) and day light (5000 K) light color temperature by positioning an external switch in the desired color temperature position (as shown on page 15 of UM1) provided with Group 1 Lights sold on Lowes.com, attached as EXHIBIT 10, and reproduced in part below.

**SUMMARY OF OPERATION:**
The Accent Light On Time switch is the primary switch in selecting the functionality of the light fixture.



| Desired Light Operation | Switch Settings |
|---|---|
| Accent light all night long | Set to D2D<br>Choose accent color — WW: Warm white, 2200K CCT / SW: Soft white, 3000K CCT / BW: Bright white, 4000K CCT / DL: Daylight, 5000K CCT<br>Set to 20min<br>Set to 15' |

Upon termination of the accent light mode, the light switches to a motion sensor security light mode during which the light is turned off and motion sensing is activated. In this mode, when motion is detected by the motion sensor, the light temporarily turns on at a high level of illumination.

123.    It has also been verified through testing that the detection device of the Group 1 Lights outputs a message carrying sensing signal to the microcontroller, which in turn controls the conduction/cut-off states of a first semiconductor switching device and a second semiconductor switching device to respectively deliver a first electric power to a first LED lighting load to emit light with a low color temperature and a second electric power to a second LED lighting load to emit light with a high color temperature to create a diffused light with a diffused color temperature performance thru a diffuser.

124.    Defendant Jasco has promoted, advertised, and instructed and continues to promote, advertise, and instruct customers and potential customers about its products and how to use the Group 1 Lights, including infringing uses. Defendant Jasco's promotion, advertising, and instruction efforts include, at a minimum, maintenance of the website

https://byjasco.com/, the production and distribution of UM1 and other indicia included on the Jasco website, on the Lowes.com website and within or printed on the packaging of the Group 1 Lights. Defendant engaged in these acts with the actual intent to cause the acts which it knew or should have known would induce actual infringement.

125.   Defendant Jasco has infringed and continues to infringe indirectly at least claims 1, 10, 11, 15, 16, 22 and 28 of the '276 Patent by knowingly and specifically intending to contribute to or induce infringement by others (e.g. including, but not limited to end users and retailers such as Lowe's) by the sale of at least the Group 1 Lights to others. Acts of inducement include, for example, advertisement and instruction to install and use the Group 1 Lights and to positioning an external switch to achieve a desired color temperature (warm white (2200 K), soft white (3000 K), bright white (4000 K) and day light (5000 K)).

126.   Specifically, regarding the Group 1 Lights, Jasco instructs how "The light can operate as a low level, white tunable (WW,SW,BW,DL) accent light…This allows the light to illuminate and blend with existing accent lighting around your home while you may be relaxing outside", and "The Accent Light On Time switch is the primary switch in selecting the functionality of the light fixture… Choose accent color - WW: Warm white, 2200K CCT, SW: Soft white, 3000K CCT, BW: Bright white, 4000K CCT, DL: Daylight, 5000K CCT", as stated on pages 13 and 14 of the UM1, attached as EXHIBIT 10.

127.   Jasco's Group 2 Lights are under-cabinet LED lights which include a user-controlled light color temperature selection switch, and which are hardwired to a power supply. The light color temperature options include soft warm white (SWW), bright cool

white (BCW) and daylight (DL) (as described in the "Full Product Manual" (the "PM2") provided with the Group 2 Lights sold on HomeDepot.com, attached as EXHIBIT 11: "To select your desired CCT, simply use the 3-position switch: SWW (Soft Warm White) BCW (Bright Cool White) and DL (Daylight)").   It has been verified through testing that the Group 2 Lights employ a microcontroller to adjust the light color temperature and the light intensity emitted therefrom.   The microcontroller controls a power allocation of a total electric power between a first LED lighting load emitting light with a low color temperature and a second LED lighting load emitting light with a high color temperature.   The light from the first and/or second LED lighting loads are illuminated through a light diffuser.

128.    Defendant Jasco has promoted, advertised, and instructed and continues to promote, advertise, and instruct customers and potential customers about its products and how to use the Group 2 Lights, including infringing uses. Defendant Jasco's promotion, advertising, and instruction efforts include, at a minimum, maintenance of the website https://byjasco.com/, the production and distribution of PM2 and other indicia included on the Jasco website, on the HomeDepot.com website and within or printed on the packaging of the Group 2 Lights. Defendant engaged in these acts with the actual intent to cause the acts which it knew or should have known would induce actual infringement.

129.    Defendant Jasco has infringed and continues to infringe indirectly at least claims 1, 10, 11, 22 - 24 and 28 of the '276 Patent by knowingly and specifically intending to contribute to or induce infringement by others (e.g. including, but not limited to end users and retailers such as Home Depot) by the sale of at least the Group 2 Lights to others.

Acts of inducement include, for example, advertisement and instruction to install and use the Group 2 Lights and to adjust the accent light modes.

130.   Specifically, regarding the Group 2 Lights, Jasco instructs how "Selecting color temperature: This GE LED light fixture allows you to select from a soft warm white light (3000K), a bright cool white Light (4000K) or daylight (5000K). To select your desired CCT, simply use the 3-position switch: SWW (Soft Warm White) BCW (Bright Cool White) and DL (Daylight)" as stated in the one-page PM2, attached as EXHIBIT 11.

131.   Jasco's Group 3 Lights are under-cabinet LED lights which include a user-controlled light color temperature selection switch, and which are hardwired to a power supply. The light color temperature options include warm white (3000k), cool white (4000k) and daylight (5000k) (as described in PM3: "To select your desired CCT, simply use the 3-position switch: WW (Warm White) CW (Cool White) and DL (Daylight)."). It has been verified through testing that the Group 3 Lights employ a microcontroller to adjust the light color temperature emitted therefrom. The microcontroller controls a power allocation of a total electric power between a first LED lighting load emitting light with a low color temperature and a second LED lighting load emitting light with a high color temperature. The light from the first and/or second LED lighting loads are illuminated through a light diffuser.

132.   Defendant Jasco has promoted, advertised, and instructed and continues to promote, advertise, and instruct customers and potential customers about its products and how to use the Group 3 Lights, including infringing uses. Defendant Jasco's promotion, advertising, and instruction efforts include, at a minimum, maintenance of the website

https://byjasco.com/, the production and distribution of PM3 and other indicia included on the Jasco website, on the HomeDepot.com website, the Lowes.com website, and within or printed on the packaging of the Group 3 Lights. Defendant engaged in these acts with the actual intent to cause the acts which it knew or should have known would induce actual infringement.

133.    Defendant Jasco has infringed and continues to infringe indirectly at least claims 1,-10, 11, 22 – 24 and 28 of the '276 Patent by knowingly and specifically intending to contribute to or induce infringement by others (e.g. including, but not limited to end users and retailers such as Lowe's and Home Depot) by the sale of at least the Group 3 Lights to others.  Acts of inducement include, for example, advertisement and instruction to install and use the Group 3 Lights and to adjust the accent light modes.

134.    Specifically, regarding the Group 3 Lights, Jasco instructs how "Selecting Color Temperature: This GE LED light fixture allows you to select from a warm white light (3000K), a cool white light (4000K) or daylight (5000K). To select your desired CCT, simply use the 3-position switch: WW (Warm White) CW (Cool White) and DL (Daylight)." as stated in the one-page PM3, attached as EXHIBIT 12.

135.    Plaintiff Vaxcel marks its products that are covered by the '276 Patent with notice (https://www.vaxcelpatents.com/). Thus, the Defendant Jasco had constructive knowledge of the existence of the '276 Patent.

136.    Defendant Jasco knew or should have known that at least the Group 1, Group 2 and Group 3 Lights are especially made or especially adapted for use in an infringement

of the '276 Patent and that there is no substantially non-infringing use of these lighting fixtures.

137.   Defendant Jasco's Group 1, Group 2 and Group 3 Lights are not staple articles or commodities of commerce suitable for substantial non-infringing use.

138.   Defendant Jasco's actions have and continue to constitute active inducement and contributory infringement of the '276 Patent in violation of 35 U.S.C. §§271(b) and 271(c).

139.   As a result of Defendant Jasco's infringement of the '276 Patent, Plaintiff Vaxcel has suffered monetary damages in an amount not yet determined and will continue to suffer damages in the future unless Defendant Jasco's infringing activities are enjoined by this Court.

140.   Defendant Jasco's wrongful acts have damaged and will continue to damage Plaintiff irreparably, and Plaintiff has no adequate remedy at law for those wrongs and injuries. In addition to its actual damages, Plaintiff Vaxcel is entitled to a permanent injunction restraining and enjoining Defendant Jasco and its agents, servants and employees, and all persons acting thereunder, in concert with, or on its behalf, from infringing the '276 Patent.

141.   Vaxcel is entitled to injunctive relief and damages in accordance with 35 U.S.C. §§271, 281, 283 and 284.

142.   To the extent that facts learned in discovery show that Jasco's infringement of the '276 Patent was willful, Plaintiff Vaxcel reserves the right to request such finding at the time of trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Vaxcel respectfully requests that this Court enter:

A.      A judgment in favor of Plaintiff Vaxcel that Defendant Jasco has been and is infringing one or more of the claims of the '503 Patent pursuant to 35 U.S.C. §§271(a), 271(b) and/or 271(c);

B.      A permanent injunction enjoining Defendant Jasco and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert or privity with any of them from infringing, inducing the infringement of, or contributing to the infringement of the '503 Patent;

C.      A judgment in favor of Plaintiff Vaxcel that Defendant Jasco has been and is infringing one or more of the claims of the '543 Patent pursuant to 35 U.S.C. §§271(a), 271(b) and/or 271(c);

D.      A permanent injunction enjoining Defendant Jasco and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert or privity with any of them from infringing, inducing the infringement of, or contributing to the infringement of the '543 Patent;

E.      A judgment in favor of Plaintiff Vaxcel that Defendant Jasco has been and is infringing one or more of the claims of the '401 Patent pursuant to 35 U.S.C. §§271(a), 271(b) and/or 271(c);

F.      A permanent injunction enjoining Defendant Jasco and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all

others acting in concert or privity with any of them from infringing, inducing the infringement of, or contributing to the infringement of the '401 Patent;

G.      A judgment in favor of Plaintiff Vaxcel that Defendant Jasco has been and is infringing one or more of the claims of the '301 Patent pursuant to 35 U.S.C. §§271(a), 271(b) and/or 271(c);

H.      A permanent injunction enjoining Defendant Jasco and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert or privity with any of them from infringing, inducing the infringement of, or contributing to the infringement of the '301 Patent;

I.      A judgment in favor of Plaintiff Vaxcel that Defendant Jasco has been and is infringing one or more of the claims of the '698 Patent pursuant to 35 U.S.C. §§271(a), 271(b) and/or 271(c);

J.      A permanent injunction enjoining Defendant Jasco and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert or privity with any of them from infringing, inducing the infringement of, or contributing to the infringement of the '698 Patent;

K.      A judgment in favor of Plaintiff Vaxcel that Defendant Jasco has been and is infringing one or more of the claims of the '276 Patent pursuant to 35 U.S.C. §§271(a), 271(b) and/or 271(c);

L.      A permanent injunction enjoining Defendant Jasco and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all

others acting in concert or privity with any of them from infringing, inducing the infringement of, or contributing to the infringement of the '276 Patent;

M.    That Jasco be directed to file with the Court and serve on Vaxcel, no later than thirty (30) days after the issuance of an injunction, a report in writing under oath setting forth in detail the manner and form in which Jasco has complied with the injunction;

N.    That the Court require a full and complete accounting of all monies received by Jasco as a result of the offering for sale or sale of infringing Group 1, Group 2 and group 3 Lights;

O.    An award of damages adequate to compensate Vaxcel for the infringement by Jasco along with pre-judgment and post-judgment interest, but in no event less than a reasonable royalty pursuant to the provisions of 35 U.S.C. §284;

P.    That the Court require Jasco to notify its commercial licensees, dealers, associates, suppliers, and customers of said Court Order; and

Q.    Such other and further relief as this Court may deem just and proper.

## JURY TRIAL DEMANDED

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff Vaxcel hereby demands a trial by jury on all issues so triable.

DATED:      December 11, 2019          Respectfully submitted,

/s/ *Evan W. Talley*
Douglas J. Sorocco, OBA NO. 17347
Evan W. Talley, OBA NO. 22923
**DUNLAP CODDING PC**
609 West Sheridan Avenue
Oklahoma City, OK 73102
Telephone:    (405) 607-8600

Facsimile:     (405) 607-8686
E-mail:etalley@dunlapcodding.com

-and-

*/s/ R. Mark Halligan*
R. Mark Halligan, IL ARDC 6200723
(*pro hac vice* forthcoming)
**FISHER BROYLES LLP**
203 N. LaSalle St., Ste. 2100
Chicago, IL 60601
Telephone:   312/607-0102
Facsimile:    312/548-0645
E-mail:
rmark.halligan@fisherbroyles.com

-and-

Richard Lehrer, NY Bar No. 2601235
(*pro hac vice* forthcoming)
**FISHER BROYLES, LLP**
109 Normandy Drive
Woodstock, GA  30188
Telephone:   845/519-9525
E-mail:
Richard.lehrer@fisherbroyles.com

**ATTORNEYS FOR PLAINTIFF
VAXCEL INTERNATIONAL CO.,
LTD.**